THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOMINIK REED | ) |
|     Plaintiff, | ) JURY TRIAL DEMANDED |
| | ) |
| v. | ) Case No. |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., TRANS UNION, | ) |
| LLC, EQUIFAX INFORMATION | ) |
| SERVICES, LLC, | ) |
|     Defendants. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

COMES NOW the Plaintiff Dominik Reed ("Ms. Reed" or "Plaintiff"), an individual consumer, by Counsel, and for her Complaint against Defendants Experian Information Solutions, Inc., Trans Union, LLC, Equifax Information Services, LLC (collectively referred to as "CRAs"). Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681-1681x et seq.

2. Inaccuracies and errors plague consumer reporting. Estimates of serious errors range from 3 to 25%. The most recent and definitive FTC study on errors and credit reports found that 21% of consumers had verified errors in their credit reports, 13% had errors that had affected their credit scores, and 5% had errors serious enough to be denied or pay more for credit. *See* FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003 (2012).

3. This means that 10 million Americans face serious errors in their credit reports that could result in them being denied or paying more for credit.

4. To give consumers the opportunity to verify the accuracy of data maintained by CRAs, the FCRA requires CRAs to disclose certain information to the consumer upon request. *See* 15 U.S.C. § 1681g; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiff's note, the disclosure and summary-of-rights requirements are designed to protect consumers interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.")

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue in this District is proper in that the Defendant regularly conducts business in the State of Georgia.

### III.  PARTIES

7. Plaintiff Dominik Reed is a natural person residing in Arlington, TX.

8. Plaintiff Dominik Reed is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

9. Upon information and belief, Experian Information Solutions, Inc. is a California corporation duly authorized and qualified to do business in the State of Georgia.

10. Experian is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

11. Upon information and belief, Trans Union, LLC is an Illinois corporation duly authorized and qualified to do business in the State of Georgia.

12. Trans Union is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

13. Upon information and belief, Equifax Information Services, LLC is a Georgia corporation duly authorized and qualified to do business in the State of Georgia.

14. Equifax is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

## IV.   FACTS OF THE COMPLAINT

15. On or about January 2025, Ms. Reed obtained copies of her consumer credit disclosures from each of the three nationwide consumer reporting agencies, Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union, LLC, through www.annualcreditreport.com.

<u>Experian</u>

16. Pursuant to 15 U.S.C. § 168lg(a), upon receipt of Ms. Reed's request, Experian was required to "clearly and accurately" disclose all information in Ms. Reed's file at the time of her request, with the limited exception that her Social Security number could be truncated upon request.

17. Despite this statutory requirement, Experian's disclosure failed to include a substantial amount of information actually present in Ms. Reed's credit file.

18. On or about January 28, 2025, Ms. Reed submitted a detailed written dispute to Experian, identifying numerous inaccuracies and omissions associated with several accounts (collectively, the "Accounts"), and requested appropriate corrections.

19. Ms. Reed's dispute letter plainly identified and described the disputed Accounts.

20. The nature of the errors and omissions was expressly stated in the dispute, enabling Experian to understand precisely what required correction.

21. The issues identified included both inaccurate data and incomplete information related to each of the Accounts.

22. The Accounts in question included: Barclays Bank Delaware, Capital One, U.S. Department of Education, Discover Bank, First National Bank of Omaha, JPMCB Card, and U.S. Bank.

23. On or about March 15, 2025, Ms. Reed obtained another copy of her Experian consumer disclosure via www.annualcreditreport.com.

24. This subsequent disclosure continued to reflect substantial errors and omissions in her credit file.

25. These errors and omissions were numerous and included, but were not limited to, the following:

- <u>Barclays Bank Delaware:</u> Account closed in November 2018 but listed to remain on file until November 2028. This ten-year reporting period exceeds the standard seven-year retention period, suggesting improper re-aging.

- <u>Dept. of Education/Great Lakes:</u> Numerous "ND" entries indicating periods of missing or incomplete payment history, thereby failing to provide a complete record.

- <u>U.S. Bank Home Mortgage</u>: Similar to above, several "ND" entries indicate missing or incomplete payment data.

### Equifax

26. Equifax was also required under 15 U.S.C. § 1681g(a) to clearly and accurately disclose to Ms. Reed all the information in her file, subject to the same limited exception regarding truncation of her Social Security number.

27. Equifax's disclosure omitted critical information contained within her credit file, thereby failing to meet this requirement.

28. The omitted data included inaccurate information, re-aged data, and incomplete account details.

29. On or about January 27, 2025, Ms. Reed submitted a dispute letter to Equifax, identifying numerous deficiencies across multiple accounts and requesting correction.

30. The disputed Accounts were clearly identified and described in her correspondence.

31. Ms. Reed specifically outlined the nature of the inaccuracies and omissions so that Equifax could not reasonably misunderstand the dispute.

32. The Accounts with known inaccuracies or incomplete data included: Discover Bank, Kikoff/CCB, Kikoff Lending, LLC, Capital One, U.S. Department of Education, and First National Bank of Omaha.

33. On or about March 15, 2025, Ms. Reed obtained a new copy of her Equifax consumer disclosure via www.annualcreditreport.com.

34. The updated disclosure continued to reflect substantial errors and missing data.

35. These errors and omissions were numerous and included, but were not limited to, the following:

    - <u>Discover Bank</u>: Missing data in key fields, including "High Credit" and "Actual Payment Amount." Charge-off amount ($25,955) exceeds both the current balance and past-due amount ($22,634). Payment history is also incomplete.

    - <u>Capital One</u>: Missing fields for "Amount Past Due" and "Actual Payment Amount." Incomplete payment history.

    - <u>Kikoff/CCB</u>: Missing "High Credit" and "Actual Payment Amount."

    - <u>Kikoff Lending</u>: "High Credit" field blank; "Months Reviewed" incorrectly listed as "30," even though the account had been open less than a year.

<u>Trans Union</u>

36. Similarly, TransUnion was required under 15 U.S.C. § 1681g(a) to provide a complete, clear, and accurate disclosure of all information in Ms. Reed's file, with the same limited exception regarding Social Security number truncation.

37. TransUnion's disclosure failed to include key information from Ms. Reed's credit file.

38. The inaccuracies included erroneous data, incomplete payment histories, and missing source information.

39. On or about January 28, 2025, Ms. Reed sent TransUnion a formal dispute letter, identifying specific accounts with multiple errors and requesting that corrective action be taken.

40. The disputed Accounts were clearly listed and explained in the correspondence.

41. Ms. Reed explicitly detailed the inaccuracies and omissions, leaving no ambiguity as to what information was being challenged.

42. The affected Accounts included: Discover Bank, Capital One, U.S. Department of Education, First National Bank of Omaha, JPMCB, and U.S. Bank.

43. On or about March 15, 2025, Ms. Reed again accessed her TransUnion consumer disclosure through [www.annualcreditreport.com](www.annualcreditreport.com).

44. Despite her disputes, the credit file remained riddled with material errors and omissions.

45. These included, without limitation:
    - Capital One: Incomplete payment history.
    - FNB Omaha: Incomplete payment history.
    - JPMCB Card Services: Incomplete payment history.

46. Under 15 U.S.C. § 1681g(a), upon receipt of Ms. Reed's request, all Defendants were legally obligated to provide Ms. Reed with a complete and accurate disclosure of all information in her credit files at the time of her request.

47. Defendants provided an electronic copy of Ms. Reed's Consumer Disclosure via [www.annualcreditreport.com](www.annualcreditreport.com).

48. Rather than comply with the FCRA, each Defendant knowingly and intentionally failed to disclose all of the information in Ms. Reed's credit file. These omissions appear to have been driven by a desire to reduce operating costs and increase profitability.

49. Accordingly, Equifax's, Trans Union's, and Experian's violations of the FCRA were willful.

50. Ms. Reed is entitled to receive a complete, accurate, and transparent disclosure of her credit file from each CRA upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. *See* 15 U.S.C. § 1681j.

51. By failing to meet this requirement, Defendants deprived Ms. Reed of a right expressly granted by federal law.

52. These violations were willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy

and completeness of consumer disclosures. Defendants' practices suggest an institutional disregard for their statutory obligations under the FCRA.

## CAUSES OF ACTION

53. This suit is based upon the Defendants' violations of the Fair Credit Reporting Act.

54. All causes of action were the producing causes of damages, which Ms. Reed suffered.

## FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681g

55. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

56. Defendants violated the FCRA.

57. Defendants' violations include, but are not limited to, the following:

> Defendants violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

58. Experian, Trans Union, and Equifax's conduct in violating the FCRA was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

59. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF
## 15 U.S.C. § 1681i

60. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

61. Experian, Trans Union, and Equifax violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (3) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) failing to promptly delete the disputed, inaccurate information from Plaintiff's credit file in violation of § 1681i(a)(5)(A).

62. As a result of Experian, Trans Union, and Equifax's conduct, Plaintiff suffered concrete and particularized harm, including without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

63. Experian, Trans Union, and Equifax's conduct in violating § 1681i were willful, rendering them liable to Plaintiff for actual damages, statutory

damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

64. In the alternative, Experian, Trans Union, and Equifax were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

### THIRD CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)

65. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

66. Experian, Trans Union, and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

67. Experian, Trans Union, and Equifax's conduct in violating § 1681e(b) was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

68. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

### JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dominik Reed respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants

Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services, LLC, for the following:

a. Judgment that Defendants violated the FCRA;

b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Attorney's Fees, Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**Law By JW, LLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@lawbyjw.com

By: _____
JEFFREY A. WILSON